Citation Nr: 1629292 
Decision Date: 07/22/16 Archive Date: 08/01/16

DOCKET NO. 12-27 746 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in New York, New York


THE ISSUES

1. Entitlement to service connection for a left knee disability.

2. Entitlement to service connection for a fractured left orbit.

3. Entitlement to service connection for diplopia.

4. Entitlement to service connection for a traumatic brain injury.

5. Entitlement to service connection for migraine headaches.


REPRESENTATION

Veteran represented by: Disabled American Veterans




ATTORNEY FOR THE BOARD

C. Boyd Iwanowski, Associate Counsel


INTRODUCTION

The Veteran served on active duty from April 1986 to March 1989.

These matters come before the Board of Veterans' Appeals (Board) from a July 2010 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in New York, New York.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

In his October 2012 substantive appeal, the Veteran requested a hearing before the Board. Thereafter, he asked to postpone a hearing scheduled in February 2014. It appears the Veteran did not receive notice of the hearing that was rescheduled in April 2015. On June 14, 2016, the Veteran's representative requested that the Veteran's case be remanded for a videoconference hearing because the Veteran has not yet been afforded a hearing or withdrawn his request for one. Pursuant to 38 C.F.R. § 20.700, a hearing on appeal will be granted to an appellant who requests a hearing and is willing to appear in person. See also 38 U.S.C.A. § 7107 (West 2014); 38 C.F.R. §§ 20.703, 20.704 (2015). In light of the above, a remand is necessary to afford the Veteran his requested hearing.

Accordingly, the case is REMANDED for the following action:

Schedule the Veteran for a videoconference hearing with a Veterans Law Judge at the earliest available opportunity in accordance with applicable procedures. The Veteran and his representative must be provided with notice as to the time and place to report for the hearing.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
Nathan Kroes
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).